UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GLEN STERLING CARPENTER** : | **DOCKET NO. 17-cv-1060** |
| **REG. # 2093104** | **SECTION P** |
| **VERSUS** : | **JUDGE TRIMBLE** |
| **CALVIN JOHNSON, ET AL.** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Glen Sterling Carpenter. Carpenter is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**I.**
**BACKGROUND**

Carpenter brings this action to challenge the medical care he has received at FCIO, alleging that it amounts to cruel and unusual punishment under the Eighth Amendment. Doc. 1, pp. 5–6. He seeks injunctive relief, in the form of a court order compelling the BOP to treat his chronic pain or release him to home confinement so that he can obtain reasonable treatment there. *Id.* at 6.

## II.
### LAW & ANALYSIS

An application for writ of *habeas corpus* is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1841 (1973). On the other hand, a civil rights suit "is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Texas Dep't of Criminal Justice Trans. Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, the proper vehicle is a civil rights suit if "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Claims relating to medical care clearly relate to conditions of confinement and should therefore be raised in a civil rights action. Even when a petitioner seeks injunctive relief, such as compassionate release or transfer to another facility, habeas remains an inappropriate vehicle. *E.g.*, *Figueroa v. Chapman*, 347 Fed. App'x 48, 50 (5th Cir. 2009); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990). Thus, § 2241 is not the proper vehicle for the relief Carpenter seeks. If Carpenter wishes to pursue his claims relating to medical care, he must do so by filing a civil rights action and paying the applicable filing fee.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to Carpenter raising these claims in a properly filed civil rights action.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE